UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DEVEN BURKHARDT, individually, and on behalf of all others similarly situated et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MONEYLION TECHNOLOGIES INC. d/b/a MONEYLION et al.,<br><br>        Defendants. | 25 Civ. 6761 (DEH)<br><br>**MEMORANDUM OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court are several motions to dismiss and motions to compel arbitration across a proposed class action led by Plaintiff Deven Burkhardt against MoneyLion Technologies Inc., ML Plus LLC, and MoneyLion of Florida LLC (collectively referred to as "MoneyLion"). As this Court has already explained in the related case, *Lowe v. Moneylion Techs. Inc.*, No. 25 Civ. 4098, 2026 WL 654719, at *1 (S.D.N.Y. Mar. 9, 2026), this Court joins many others across the nation in concluding that these early payday services constitute the extension of credit under the Military Lending Act, which generally prohibits lenders from requiring service members to submit to mandatory arbitration as a condition of a loan. The Court therefore **DENIES** the Motions to Dismiss and Compel Arbitration.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6),[1] "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

678 (2009)). In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The "FAA compels judicial enforcement of a wide range of written arbitration agreements." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). "A party seeking to suggest that two statutes cannot be harmonized, and that one displaces the other, bears the heavy burden of showing 'a clearly expressed congressional intention' that such a result should follow." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018) (quoting *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 533 (1995)). Where a party seeks to compel arbitration, a party resisting arbitration "should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985).

## DISCUSSION

Plaintiff Deven Burkhardt, an Instacash and Credit Builder Plus customer, sues on behalf of "[a]ll active duty servicemembers and/or their dependents who obtained an Instacash loan or Credit Builder loan from Defendants within the applicable statute of limitations until the date notice is disseminated." First Amended Complaint ("FAC") ¶ 210, ECF No. 53.[2] The Court assumes familiarity with the facts regarding MoneyLion products and services as alleged in the

---

[2] Burkhardt's husband Johnathan Burkhardt, alleged to be an active-duty servicemember, was also a plaintiff in the original complaint, filed on May 22, 2025 in the Northern District of Florida. *See* ECF No. 1. The FAC removes Johnathan Burkhardt as a plaintiff and abandons the original complaint's claim under Florida law.

FAC, which are nearly identical to those discussed in this Court's Opinion in *Lowe*, 2026 WL 654719, at *1-2.

## I.  Instacash Advances

Burkhardt alleges that MoneyLion's cash advance product—known as Instacash—is essentially an unregulated payday loan.  The primary legal dispute here is whether the fees attached to receiving Instacash advances—expedite fees and tips—convert these advances into extensions of credit with costs in excess of what is permitted by existing law, even in the absence of any ability to recover on MoneyLion's part.  Burkhardt alleges violations of the Military Lending Act ("MLA") and Truth in Lending Act ("TILA").

For the reasons stated in *Lowe*, the Court concludes that Plaintiff has plausibly alleged that Instacash constitutes consumer credit, making it subject to various statutes and voiding any arbitration clauses in Plaintiff's contract with MoneyLion.  *See Lowe*, 2026 WL 654719, at *2-4. The Court therefore turns to the additional claims not present in that case.

## II.  Credit Builder Loans

Burkhardt also challenges a separate MoneyLion product called a Credit Builder loan (which is not at issue in *Lowe*).  A Credit Builder loan is a multiple payment installment loan offered only to members of the "ML Plus Membership Program," which requires a monthly membership fee.  FAC ¶ 134.  As Plaintiff alleges,

> Currently, Defendants' Credit Builder loan is offered as a 12-month installment loan between $500.00 and $1,000.00 at APRs between 5.99% and 29.99%.  As a condition to receiving the Credit Builder loan, consumers must join the "Credit Builder Plus Membership Program" and must pay "Monthly Membership Fees" of $19.99.  Consumers are charged the $19.99 fee each month until they pay their loan in full and pay all monthly charges.

FAC ¶ 135.  Unlike unpaid Instacash advances, MoneyLion has and seeks legal recourse for nonpayment of Credit Builder loans and membership fees.  FAC ¶¶ 137-38.  And Plaintiff alleges[3] that the membership fee is an undisclosed part of the finance charge, in violation of the TILA. FAC ¶¶ 271-81.

MoneyLion moves to dismiss the TILA claim with respect to credit builder loans, arguing that the monthly membership fees do not constitute finance charges as a matter of law.  MoneyLion points to Regulation Z, which specifically excludes membership fees from the finance charge definition as "[f]ees charged for participation in a credit plan."  12 C.F.R. § 1026.4(c)(4); *see* 15 U.S.C. §§ 1638(a)(3)-(4).  In MoneyLion's view, the fees for participation in the Credit Builder loans fall squarely within this exception.

The Court concludes, however, that Burkhardt has plausibly alleged that the membership fees are finance charges in disguise.  She alleges in detail how the CB Plus membership offers only "illusory benefits" unlike those offered by "legitimate membership programs," like credit union membership.  FAC ¶ 151.  The FAC alleges that, beyond access to Credit Builder loans, CB Plus members receive no benefits akin to those that would typically be obtained through membership in a credit union, such as lower interest rates on loans, higher returns on deposit accounts, or member-ownership.  *Id.*  Accordingly, the Court concludes that Plaintiff states a TILA claim for the failure to disclose membership fees as finance charges for Credit Builder loans.

---

[3] Plaintiff also alleges that Credit Builder loans violate the MLA because the finance charge and monthly fees charged on these loans exceed the 36% military annual percentage rate ("MAPR") cap for covered borrowers under the MLA.  FAC  ¶¶ 227-70.  MoneyLion does not seek to dismiss the MLA claims with respect to these loans, conceding that the complaint, as alleged, plausibly states an MLA violation.  Mem. of Law in Supp. of Mot. to Dismiss at 24, ECF No. 60.

### III.    10 U.S.C. § 987(e)(3) Claim

MoneyLion also moves to dismiss Plaintiff's claim under 10 U.S.C. § 987(e)(3) ("Section 987(e)(3)"), which prohibits extensions of consumer credit in which "the creditor requires the borrower to submit to arbitration."  *See* FAC ¶ 260.  It first argues that the claim fails because the arbitration agreement states

> If you are a "Covered Borrower," as defined by 32 C.F.R. § 232.3(g) as of the date that you agree to this Agreement, then this Agreement will not apply to you with respect to any Claims concerning any of our lending products or services, including our credit-builder loan.

Decl. of Adam VanWagner in Supp. of Mot. to Compel Arb., Ex. C, at 1, ECF No. 58-3. MoneyLion asserts that this carve-out protects it from liability because the arbitration clause does not apply to extensions of consumer credit.

MoneyLion's argument is pure gamesmanship.  On the one hand, MoneyLion argues that it is exempt from liability under Section 987(e)(3) because the arbitration agreement carves out people covered by the MLA, like Burkhardt.  But at the same time, it moves to compel arbitration and seeks to enforce a class action waiver against Burkhardt's MLA claims.  In that context, MoneyLion argues explicitly that the arbitration clause should apply to Burkhardt.  The Court concludes that this is the same type of attempt to "circumvent the relevant statutory frameworks" that many courts have declined to entertain across similar MLA litigation.  *Lowe*, 2026 WL 654719, at *3; *see also Feeman v Bridge IT, Inc.*, No. 25 Civ. 3806, 2026 WL 880508, at *6 (S.D.N.Y. Mar. 30, 2026) (collecting cases).

In any event, the carve-out is insufficient to insulate MoneyLion from liability under Section 987(e)(3)—if a mere disclaimer that stated, for example, that a "borrower is required to arbitrate all claims unless prohibited by law" were sufficient to avoid liability under the MLA, the Act would have essentially no force in ensuring military borrowers have their day in Court.

Section 987(e)(3) explicitly provides that "[i]t shall be unlawful for any creditor to extend consumer credit to a covered member or a dependent of such a member with respect to which . . . the creditor requires the borrower to submit to arbitration." The Court concludes that Burkhardt has plausibly alleged that, in effect, MoneyLion does exactly this, needing to point no further than Defendants' briefs in this case to identify MoneyLion's attempts to "require" Plaintiff to "submit to arbitration." *See generally* ECF Nos. 44, 47, 57, 60. Accordingly, the Court concludes that Plaintiff plausibly alleges that the agreement nonetheless "require[s]" arbitration in violation of the MLA.

MoneyLion next argues that the arbitration clause is "voluntary" because Plaintiff had an "absolute right to opt out of arbitration by mailing MoneyLion a notice within 30 days of entering the arbitration agreement, at no cost and with no impact on her access to MoneyLion services." Mem. of Law in Supp. of Mot. to Dismiss at 22. However, as Plaintiff notes, nothing in the language of Section 987(e)(3) exempts arbitration agreements with opt-out clauses. Instead, the statute prohibits loans agreements where "the creditor requires the borrower to submit to arbitration." FAC ¶ 223. Even if the borrower had the option to opt out of arbitration by mail within 30 days of sign-up on the MoneyLion platform, there are no facts to support a contention that Plaintiff would be able to opt out of arbitration for a Credit Builder loan entered beyond the opt-out period. Thus, it is entirely plausible, if not likely, that a borrower would be "require[d]" to arbitrate claims stemming from MoneyLion's extension of consumer credit.

Accordingly, the Court concludes that Plaintiff has stated a claim for a violation of Section 987(e)(3).

## IV.    10 U.S.C. § 987(e)(5) Claim

As a final matter, MoneyLion also moves to dismiss Plaintiff's claims under 10 U.S.C. § 987(e)(5) ("Section 987(e)(5)"), which prohibits extending consumer credit to a covered

6

servicemember if the creditor "uses a check or other method of access to a deposit, savings, or other financial account maintained by the borrower" as security for the obligation.  For the same reasons that MoneyLion argues that Instacash is not an extension of consumer credit, MoneyLion argues that a "freely revocable debit authorization" is not collateral within the meaning of Section 987(e)(5).  Mem. of Law in Supp. of Mot. to Dismiss at 23.  However, as explained in *Lowe*, the Court concludes that because the preauthorized debit is nearly impossible to cancel, Instacash borrowers are effectively required to grant access to their bank account as security for their cash advance.  To hold that this is not a violation of the statute would allow MoneyLion's clever structuring to "circumvent" yet another consumer protection provision of the MLA.  *Lowe*, 2026 WL 654719, at \*3.  Accordingly, the motion to dismiss is denied with respect to Plaintiff's Section 987(e)(5) claim.

## CONCLUSION

Based on the above, Defendants' Motions to Compel Arbitration and Dismiss are **DENIED.**

The Clerk of Court is respectfully directed to terminate ECF No. 43, 46, 56, and 59.

SO ORDERED.

Dated: April 15, 2026

New York, New York

_____
DALE E. HO
United States District Judge